UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MCMAIN ALLEN O'GEORGIA, a/k/a MARK E. ARHEBAMEN, | ) ) ) | CASE NO. 4:05 CV 0753 |
| Petitioner, | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| UNITED STATES DEPT. OF JUSTICE, et al., | ) ) ) | AND ORDER |
| Respondents. | ) | |

On March 8, 2005, petitioner pro se McMain Allen O'Georgia, a/k/a Mark E. Arhebamen, a/k/a Mark Andrew, George filed the above-captioned petition as a "Writ of Mandamus" action against the United States Department of Justice, the United States Department of Homeland Security (DHS), United States Attorney General Alberto Gonzales and the Bureau of Prisons (BOP). Mr. O'Georgia is presently confined in the Federal Correctional Institution in Elkton, Ohio (FCI Elkton). He is seeking the removal of a detainer imposed by the DHS.[1]

**I. Background**

---

[1] As of March 1, 2003, the I.N.S. ceased to exist. Its functions were transferred to the Department of Homeland Security (D.H.S.). All references by Petitioner to the I.N.S. will be construed by the court as referring to the DHS.

Mr. O'Georgia was named in a superceding indictment issued on April 1, 2003. The five count indictment charged him with, <u>inter alia</u>, making a false claim to United States citizenship in violation of 18 U.S.C. § 911. <u>United States v. Arhebamen</u>, No. 02-80761 (E.D. Mich. 2003). He was found guilty on December 10, 2003 and subsequently sentenced.[2] Mr. O'Georgia states that, at the request of the BOP, the DHS lodged detainers against him on February 1, 2002, August 7, 2002 and May 25, 2004.[3]

In February 2005, Mr. O'Georgia submitted a Request for Administrative Remedy/Informal Resolution Form to a staff member at FCI Elkton. In the request, he sought removal of the detainer lodged against him because he still claims to be a United States citizen and he believes the D.H.S. no longer has jurisdiction over him. In a response, dated March 5, 2004, an FCI Elkton staff officer indicated that the prison records showed Mr. O'Georgia was born in Nigeria and entered the United States illegally in 1977. In addition, the officer noted that "a current D.H.S. detainer is on file with B.I.C.E. in Milwaukee, WI."[4] (Informal Resolution Form of 3/5/05).

It is Mr. O'Georgia's position that he has exhausted his administrative remedies because FCI Elkton's response was untimely. In support of his claim, he asserts that the warden "stipulated in the Institutional Program Statement that staff response to an inmate's request for an Informal Resolution shall be deemed timely when issued within three to five (3-5) days or in a 'reasonable time frame.'" (Pet.'s "Arguments Demonstrating Exhaustion of Administrative Remedy," at 1.) He reasons that the staff's eight

---

[2] The BOP indicates his projected release date as May 14, 2014.

[3] It appears that the first two detainers were lodged at time when Mr. O"Georgia was serving an earlier term of imprisonment.

[4] Petitioner attaches a copy of the Detainer Action Letter issued by the Immigration Office to FCI Oxford in Oxford, Wisconsin on May 25, 2004.

day lag in before responding to his request would render futile any further action on his part. It is on this basis that he declares that he has sufficiently exhausted his administrative remedies.

## II. Analysis

In this mandamus action before the court, it is Mr. O'Georgia's position that the detainer lodged by the I.N.S. is unconstitutional "because there is no finality to his conviction for false claim to U.S. citizenship." (Informal Resolution Form of 3/5/05.) Moreover, he requests that this court order the BOP to remove the detainer lodged by the D.H.S. because D.H.S. no longer has jurisdiction over him.

**A. Writ of Mandamus**

Under 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus." Haggard v. Tennessee, 421 F.2d 1384, 1385 (6th Cir.1970). A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir. 1991)(citing Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)). For the reasons set forth below, petitioner is not entitled to mandamus relief. See 28 U.S.C. § 1361.

Mr. O'Georgia has failed to show that he has exhausted "all other avenues of relief" with respect to his mandamus petition. The fact that he chose not continue appealing his case through the BOP is not excused because an FCI Elkton staff member took eight days to respond to his informal request. There is simply no relevant case law or constitutional right that supports petitioner's claim that he has exhausted his administrative remedies.

3

There is no merit to Mr. O'Georgia's declaration that the I.N.S. detainer violates due process, or that it is premature because his conviction for falsely claiming to be a United States citizen is not "final." Even a detainer which adversely affects a prisoner's classification and eligibility for rehabilitative programs does not trigger a due process right. See Moody v. Daggett, 429 U.S. 78, 86-87, 88 n.9 (1976)(a detainer which adversely affects a prisoner's classification and eligibility for rehabilitative programs does not activate a due process right); Meachum v. Fano, 427 U.S. 215, 225 (1976); Kenner v. Martin, 648 F.2d 1080, 1081 (6th Cir. 1981) (per curiam); Watkins v. U.S., 564 F.2d 201, 206 (6th Cir. 1977).

## B. Detention and Removal of Aliens, 8 U.S.C. § 1231(a)(4)(B)(i)

Mr. O'Georgia argues further that the detainer is in "contradiction to Title 8 U.S.C.A. § 1231(a)(4)(A)(B)(i)(I)," which address exceptions for the removal of nonviolent alien offenders prior to the completion of a sentence of imprisonment.[5] The difficulty with petitioner's argument centers on the fact that the detainer was not lodged in an attempt to remove him from the United States prior to the completion of his prison sentence. Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. Moreover, a detainer remains lodged against a prisoner without any action being taken on it. See Ridgeway v. United States, 558 F.2d 357 (6th Cir. 1977), cert. denied, 436 U.S. 946 (1978); see also United States v. Mauro, 436 U.S. 340 (1978).

Section 1231 only applies when an order of removal has been issued. Once the order is issued it generally requires the Attorney General to remove the alien from the United States within a period

---

[5] The relevant provision applies its removal exception "in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense." 8 U.S.C. § 1231(a)(4)(B)(i).

of 90 days. See 8 U.S.C. § 1231(a)(1)(A). While district courts retain subject matter jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions filed by permanent resident aliens subject to removal orders because they were convicted of aggravated felonies, see I.N.S. v. St. Cyr, 533 U.S. 289 (2001) and Calcano- Martinez v. I.N.S., 533 U.S. 348 (2001), there is no final order of removal before this court.[6] Regardless of what citizenship status Mr. O'Georgia claims, he is not in custody and awaiting a deportation hearing as a result of any I.N.S. action. See 8 U.S.C. § 1252(a). Therefore, because petitioner is incarcerated on federal convictions that do not place him in DHS custody, judicial review of an order of removal is inapplicable.

Based on the foregoing, it is clear that the petitioner has not shown a clear and indisputable right to mandamus relief. In re Bendectin Products Liability Litigation, 749 F.2d 300, 303 (6th Cir. 1984). Accordingly, this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 2253.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

---

[6] A district court's habeas jurisdiction does not permit it:

> to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. 1252(a).